IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTRUCTION COST DATA, LLC, JOB ORDER CONTRACTING GROUP, LLC, AND MANAGED JOC SOLUTIONS, LLC *Plaintiffs*, v. THE GORDIAN GROUP, INC. AND R.S. MEANS COMPANY LLC *Defendants* | § § § § § § § § § § § § § | Civil Action No.: 4:16-cv-00114 JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
DEFENDANTS' THIRD-PARTY COMPLAINT**

Respectfully submitted this 4th day of March, 2016.

                              Respectfully submitted,

                              **COATS | ROSE**

                              James A. Collura, Jr.
                              Texas Bar No. 24044502
                              Teia Moore Kelly
                              Texas Bar No. 24074752
                              9 Greenway Plaza, Suite 1100
                              Houston, Texas 77046
                              (713) 651-0111 Telephone
                              (713) 890-3964 Facsimile
                              jcollura@coatsrose.com
                              tkelly@coatsrose.com

                              **ATTORNEYS FOR PLAINTIFFS
                              CONSTRUCTION COST DATA, LLC,
                              JOB ORDER CONTRACTING GROUP,
                              LLC, AND MANAGED JOC
                              SOLUTIONS, LLC**

# TABLE OF CONTENTS

I. Procedural Posture .................................................................................................... 1

II. Issues & Standard of Review ..................................................................................... 1

III. Summary of Argument .............................................................................................. 2

IV. Defendants' Third-Party Complaint Is Improper and Should BE Dismissed ............ 3

    A. Dismissal Is Proper For Third-Party Claims Outside The Scope of Rule 14(a) ........... 3

    B. A Third-Party Complaint Against An Existing Party Is Not Valid Under Rule 14(a). 4

    C. Defendants Do Not Have A Valid Third-Party Complaint ............................................ 5

        1. Rule 14(a) Only Permits Dependent Claims ......................................................... 5

        2. Rule 8 Requires Third Party Liability To Be Shown In The Third-Party Complaint ............................................................................................................. 7

        3. Defendants' Third-Party Complaint Does Not Satisfy Rule 14(a) or Rule 8 .. 8

V. Conclusion ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ADC Rig Services, Inc. v. JPMorgan Chase Bank, N.A.*,
    CIV.A. H-08-1640, 2009 WL 1011151 (S.D. Tex. Apr. 15, 2009) ................................................. 5

*Altava Health Mktg., Ltd. v. Shortgrass, Inc.*,
    CIV.A. H-04-873, 2005 WL 2277598 (S.D. Tex. Sept. 15, 2005) ............................................... 3

*Autoronic Sys., Inc. v. HRSG, Inc.*,
    CIV.A H-07-1566, 2008 WL 8053985 (S.D. Tex. Mar. 4, 2008) ................................................. 4

*Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*,
    CIV.A. 303CV2392G, 2005 WL 2124126 (N.D. Tex. Sept. 1, 2005) .................................... 7, 9

*Bell v. Bolivar County, Mississippi*,
    24 F.3d 240 (5th Cir. 1994) ......................................................................................................... 4

*Duke v. Compass Bank*,
    4:13-CV-1012-A, 2014 WL 879674 (N.D. Tex. Mar. 5, 2014) ........................................... 4, 6, 8

*F.O. Majors v. American National Bank of Huntsville*,
    426 F.2d 566 (5th Cir. 1970) ....................................................................................................... 3

*Hassan v. Louisiana Dept. of Transp. & Dev.*,
    190 F.3d 538 (5th Cir. 1999) ....................................................................................................... 1

*McDonald v. Union Carbide Corp.*,
    734 F.2d 182 (5th Cir.1984) ........................................................................................................ 1

*NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*,
    853 F. Supp. 2d 654 (S.D. Tex. 2012) ................................................................................ 4, 5, 6

*Rock Bit Intern., Inc. v. Smith Intern., Inc.*,
    82 F. Supp. 2d 667 (S.D. Tex. 1999) .......................................................................................... 6

*Spencer v. New Orleans Levee Bd.*,
    563 F. Supp. 1352 (E.D. La. 1983) ............................................................................................. 3

*Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*,
    CIV.A. H-05-3167, 2008 WL 110431 (S.D. Tex. Jan. 8, 2008) ................................................. 4

*United States v. Joe Grasso & Son, Inc.*,
    380 F.2d 749 (5th Cir. 1967) ................................................................................................... 3, 6

*Vinmar Overseas, Ltd. v. OceanConnect, LLC,*
    CIV.A. H-11-4311, 2012 WL 5989206 (S.D. Tex. Nov. 29, 2012) .................................................. 2

*Wells Fargo Bank, N.A. v. Pettus,*
    3:11-CV-0095-D, 2011 WL 3586405 (N.D. Tex. Aug. 16, 2011) ................................................... 4

**OTHER AUTHORITIES**

Fed.R.Civ.P. 8 ............................................................................................................................. 2, 7, 9

Fed.R.Civ.P. 12(b)(6) ............................................................................................................ 3, 4, 5, 9

Fed.R.Civ.P. 14(a) .......................................................................................................................passim

4836-5211-6526.v1

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Construction Cost Data, LLC, Job Order Contracting Group, LLC, and Managed JOC Solutions, LLC (collectively "**Plaintiffs**") by their attorney, file this Brief in Support of Motion to Dismiss Defendants' Third-Party Complaint, and would respectfully show the Court as follows:

## I. Procedural Posture

1. On December 1, 2015, Plaintiffs filed their Original Petition in cause number 2015-72242, in the 295th Judicial District Court of Harris County Texas ("**Compliant**").[1] On January 15, 2016 Defendants, The Gordian Group, Inc. and R.S. Means Company LLC (collectively "**Defendants**" or "**Third-Party Plaintiffs**") removed the case to the Southern District of Texas. On February 12, 2016, Defendants filed their Answer to Plaintiffs' Complaint, Affirmative Defenses, Counterclaims, Third-Party Complaint, and Demand for Jury Trial (collectively "**Defendants' Response**").[2] In their Response, Defendants filed their Third-Party Complaint against Plaintiffs, All Cost Data Info, LLC ("**ACDI**"), Benjamin Stack ("**Stack**"), and Mark Powell ("**Powell**") (collectively "**Third-Party Defendants**").[3] Plaintiffs have filed their Motion to Dismiss Defendants' Third-Party Complaint ("**Motion to Dismiss**") contemporaneously with this Brief in Support.

## II. Issues & Standard of Review

2. The standard of review for dismissing a third party complaint is an abuse of discretion. *Hassan v. Louisiana Dept. of Transp. & Dev.*, 190 F.3d 538 (5th Cir. 1999). "District courts have 'wide discretion in determining whether to permit such third party procedure.'" *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir.1984). However, the court's discretion may only be exercised when the third-party claim is within the scope of Rule 14(a) of the Federal Rules of Civil

---

[1] A true and correct copy of Plaintiff's Complaint is on file with the Court.

[2] A true and correct copy of Defendants' Response is on file with the Court.

[3] Response at p. 11.

1

Procedure. *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, CIV.A. H-11-4311, 2012 WL 5989206, at *3 (S.D. Tex. Nov. 29, 2012) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure § 1443, at 355 (2d ed.1990)). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (citing 6 Wright & Miller § 1446, at 432–34 (3d ed.2010)).

       3.     The issues in this case are (i) whether the Defendants' claims against the Third-Party Defendants, are within the scope of Federal Rule of Procedure 14(a) based on the underlying claims in Plaintiffs' Complaint; and (ii) whether Defendants' Third-Party Complaint satisfies Federal Rule of Procedure 8 in asserting a valid third-party claim from which relief can be granted.

### III. Summary of Argument

       4.     A third-party claim that does not satisfy the requirements of Federal Rule of Procedure Rule 14(a) may be dismissed or stricken by the Court. In this case Defendants' Third-Party claims are not within the scope of Federal Rule of Procedure Rule 14(a) because the third-party claims are asserted against the Plaintiffs—the original parties in this action. Additionally, Defendants' Third-Party Complaint does not satisfy the requirements of Federal Rule of Procedure Rule 14(a) because the claims asserted therein are not contingent on the outcome of Plaintiffs' claims against the Defendants. Finally, Defendants' Third-Party Complaint does not satisfy the requirements of Federal Rule of Procedure Rule 8 as it does not allege *how* the Third-Party Defendants are partially, or wholly, liable to the Defendants for Plaintiffs' claims against the Defendants. Given that Defendants' Third-Party Complaint, and the claims asserted therein, are procedurally improper, Plaintiffs request that the Court exclusive its right to dismiss Defendants' Third-Party Complaint. Alternatively, Plaintiffs request that the Court strike the Third-Party Complaint in its entirety as allowed pursuant to Federal Rule of Procedure Rule 14(a).

### IV.  Defendants' Third-Party Complaint Is Improper and Should Be Dismissed

#### A.  Dismissal Is Proper For Third-Party Claims Outside The Scope of Rule 14(a)

5.  Federal Rule of Civil Procedure 14(a) ("**Rule 14(a)**"), allows a defendant, as third-party plaintiff, to intervene a nonparty who is, or may be, liable to it for all or part of the plaintiff's claims against such defendant. Fed.R.Civ.P. 14(a)(1). Federal courts, both nationally, and in the Fifth Circuit and Southern District of Texas, have sanctioned dismissals of third-party complaints that do not comport with the letter of Rule 14(a). For example, in *F.O. Majors v. American National Bank of Huntsville*, 426 F.2d 566 (5th Cir. 1970), the Fifth Circuit affirmed the dismissal of a third-party complaint that asserted independent claims unrelated to the main case. *Id.* at 568. In so holding, the court of appeals stated:

> The third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims, or for changing the cause of action as asserted, or substituting another action for it, and is not a device for bringing into an action any controversy which may have some relation to it.

*Id.* (quoting 35A C.J.S. Federal Civil Procedure § 118); *Altava Health Mktg., Ltd. v. Shortgrass, Inc.*, CIV.A. H-04-873, 2005 WL 2277598, at *14 (S.D. Tex. Sept. 15, 2005) (granting plaintiff's motion to dismiss defendants counterclaims and third–party claims.); and 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure § 1460 (3d ed.1990) (stating that the federal courts have entertained both motions to dismiss and to strike under Rule 14(a) and have not drawn distinctions between them). *See e.g. United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir. 1967); and *Spencer v. New Orleans Levee Bd.*, 563 F. Supp. 1352, 1355 (E.D. La. 1983). The Court's ability to dismiss a third-party complaint that is outside the scope of Rule 14(a) is also supported by Federal Rule of Civil Procedure 12(b)(6) ("**Rule 12(b)(6)**"). Rule 12(b)(6) allows the dismissal of a cause of action for the failure to state a claim upon which relief can be granted.

3

Fed.R.Civ.P. 12(b)(6). The failure to state a proper third party claim pursuant to Rule 14(a) mandates dismissal of the third party complaint pursuant to Rule 12(b)(6). *Id.*

6.   Federal law also provides that any party may move to strike an improper third-party claim. Fed.R.Civ.P. 14(a)(4). Numerous courts have disallowed or struck third-party claims for the same reasons as those presented in this Motion to Dismiss. *See, e.g., Bell v. Bolivar County, Mississippi*, 24 F.3d 240 (5th Cir. 1994); *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, CIV.A. H-05-3167, 2008 WL 110431 at *2 (S.D. Tex. Jan. 8, 2008); *Autoronic Sys., Inc. v. HRSG, Inc.*, CIV.A H-07-1566, 2008 WL 8053985, at *2 (S.D. Tex. Mar. 4, 2008). Federal precedent and the Federal Rules of Civil Procedure explicitly allow this court to dismiss, or alternatively strike, Defendants' Third Party Complaint for failure to comply with Rule 14(a). Accordingly, for the reasons demonstrated below, the Court should dismiss Defendants' Third-Party Complaint.

### B. A Third-Party Complaint Against An Existing Party Is Not Valid Under Rule 14(a)

7.   Under Rule 14(a) a defendant, as third-party plaintiff, may sue "a **nonparty** who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1) (emphasis added). In the instant case, Defendants have asserted their Third-Party Complaint against Plaintiffs, an actual party in this lawsuit, rather than limiting such complaint to non-parties as required under Rule 14(a).[4] Fed.R.Civ.P. 14(a)(1). Per its express terms, Rule 14(a) is strictly limited to bringing in a **non-party**, whom the defendant claims is derivatively liable to the defendant for the plaintiffs' claims against the defendant. *Id.* "**The purpose of Rule 14(a) is to bring in third parties who are *derivatively* liable to the impleading party.**" *NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*, 853 F. Supp. 2d 654, 659 (S.D. Tex. 2012) (citing *Hassan v. La. Dep't of Transp.*, 1999 WL 642861, at *2 (5th Cir. July 26, 1999)); and *Duke v. Compass Bank*, 4:13-CV-1012-A, 2014 WL 879674, at *1 (N.D. Tex. Mar. 5, 2014) (citing *Hassan*, 1999 WL 642861, at *2). *Wells Fargo Bank, N.A. v. Pettus*, 3:11-CV-0095-D,

---

[4] Response at p. 11.

4

2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011) ("**the crucial characteristic of a Rule 14 claim is that *defendant* is attempting to transfer to the *third-party* defendant the liability asserted against him by the *original plaintiff*.**") (emphasis added) (citing 6 Wright & Miller, § 1446, at 377). Rule 14(a)'s express statutory language, legislative purpose, and judicial application unequivocally establish that Rule 14(a) is strictly limited to claims against actual third-parties—not the original parties to the suit.

8. As Rule 14(a) does not permit Defendants to assert a third-party complaint against the original parties in the suit, Defendants do not have a valid third-party claim against Plaintiffs from which any relief may be granted. Accordingly, Defendants' Third-Party Complaint against the Plaintiffs should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## C. Defendants Do Not Have A Valid Third-Party Complaint

### 1. Rule 14(a) Only Permits Dependent Claims

9. As discussed above, the purpose of Rule 14(a) is to bring in non-parties whom a defendant claims are liable if the defendant is liable to the original plaintiffs. *NuVasive*, 853 F. Supp. 2d at 659. The law is clear that a defendant must establish a basis for a third-party defendant's liability to the defendants in accordance with Rule 14(a) to maintain a third-party claim. *ADC Rig Services, Inc. v. JPMorgan Chase Bank, N.A.*, CIV.A. H-08-1640, 2009 WL 1011151, at *2 (S.D. Tex. Apr. 15, 2009) "[A] third-party complaint is **not proper** under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant." *Id.* (quoting *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849–50 (5th Cir.1978)). The crux in establishing a valid third party claim under Rule 14(a) is that the claim must be dependent on the outcome of the main action. A case out of the Southern District of Texas demonstrates the overwhelming acceptance of this this principle:

> 'The purpose of Rule 14(a) is to bring in third parties who are **derivatively liable to the impleading party.'** *Hassan v. La. Dep't of Transp.*, 1999 WL 642861, at *2 (5th Cir. July 26, 1999).
>
> **In other words, '[a] third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party.'** 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice & Procedure § 1446 (3d ed. 2011).
>
> **Therefore, a third-party complaint 'require[s] that the 'defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'** *Briones v. Smith Dairy Queens, Ltd.*, 2008 WL 4200931, at *2 (S.D.Tex. Sept. 9, 2008) (quoting *Anadarko Petroleum Corp. v. Great Plains Gas Compression, Inc.*, 2007 WL 38327, at *1 (S.D.Tex. Jan. 4, 2007); citing *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849–50 (5th Cir.1978) (**"[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant."**); *US v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.1967) (**"[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim."**)).

*NuVasive*, 853 F. Supp. 2d at 659 (emphasis added). *See also Joe Grasso & Son, Inc.*, 380 F.2d at 751 ("[Rule 14 **requires** that the liability of the third party be **dependent** upon the outcome of the main claim.") (emphasis added).

10. Rule 14(a) does **not** permit a defendant to bring separate and independent claims against a third-party *even if* such claims arise out of the same general set of facts as plaintiff's main claim. *Joe Grasso & Son, Inc.*, 380 F.2d at 751 (emphasis added). "A claim is 'independent' if it stands alone and does not reference another claim. A claim is 'dependent' when it refers to another claim or claims (independent) and is narrower in scope." *Rock Bit Intern., Inc. v. Smith Intern., Inc.*, 82 F. Supp. 2d 667, 669, n.5 (S.D. Tex. 1999). The test to determine whether claims are independent from the main claim, is whether the third-party defendant could be liable to the defendant/third-party plaintiff *regardless* **of whether** the defendant/third-party plaintiff is found liable to the plaintiff. *Duke*, 2014 WL 879674, at *2. If the answer is yes, then the claim is independent. *See id.*

6

11. As the case law demonstrates, Defendants must establish that the Third-Party Defendants are derivatively liable to the Defendants *if* the Defendants are liable to Plaintiffs in order to maintain their Third-Party Complaint. If the claims asserted against the Third-Party Defendants are **independent** from those asserted by Plaintiffs against the Defendants, then the Defendants Third-Party Complaint fails as a matter of law and should be dismissed.

### 2. Rule 8 Requires Third Party Liability To Be Shown In The Third-Party Complaint

12. Additionally, Federal Rule of Civil Procedure Rule 8 ("**Rule 8**") requires that the third-party's liability be evident in the third-party complaint. *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, CIV.A. 303CV2392G, 2005 WL 2124126, at *6 (N.D. Tex. Sept. 1, 2005). A case from the Northern District of Texas eloquently discusses the symbiotic relationship between Rule 8 and Rule 14(a):

> Third-party complaints are subject to the pleading requirements of Rule 8 and must set forth a short and plain statement of the claim showing that defendant is entitled to relief from the third party. 6 Wright & Miller § 1453 at 417. **Specifically, for complaints filed under Rule 14, the complaint must indicate that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the defendant.** *Id.* at 417-18 (citing *Joe Grasso and Son, Inc.*, 380 F.2d at 751-52).
>
> [E]ven if [the defendant] addresses liability sufficiently in order to satisfy Rule 14 requirements, **[the] third-party complaint may still be dismissed for failure to state a claim in compliance with Rule 8 requirements.**

*Id.*

13. As demonstrated in *Epoch*, the third-party complaint must provide a short and plain statement indicating how the third-party defendant is, or may be, liable to the third-party plaintiff for all or part of the plaintiff's claim against the defendant/third-party plaintiff. *Epoch Group*, 2005 WL 2124126, at *5. *See also* Fed.R.Civ.P. 8. Failure to satisfy the requirements of Rule 8 in the third-party complaint mandates dismissal of a third-party complaint. *Id.* at *6. If the Defendants' Third-Party Complaint does not satisfy the requirements of Rule 8, it should be dismissed as a matter of law.

7

### 3. Defendants' Third-Party Complaint Does Not Satisfy Rule 14(a) or Rule 8

14. In order to overcome this Motion to Dismiss, Defendants' Third-Party Complaint must patently show that (i) the Third-Party Defendants are, or may be, liable to the Defendants' *if* the Defendants are liable to the Plaintiffs; and (ii) that such third-party liability is dependent on the claims asserted by Plaintiffs against the Defendants. In this case, Plaintiffs allege that Defendants are liable for tortious interference with existing contracts, tortious interference of a commercial relationship, and conspiracy to interfere with contract.[5] In their self-styled "Counterclaims and Third-Party Complaint" Defendants collectively assert their third-party claims against Plaintiffs, ACDI, Stack and Powell, for copyright violation, reverse passing off and unfair competition, trademark infringement, unfair competition, and unjust enrichment ("**Third-Party Claims**").[6]

15. Nowhere in Defendants' Third-Party Complaint do they allege that the Third-Party Defendants are somehow liable to Defendants *if* Defendants are found liable to Plaintiffs for tortious interference with existing contracts, tortious interference of a commercial relationship, and conspiracy to interfere with contract.[7] Instead, Defendants' Third-Party Complaint assumes that the Plaintiffs' claims are entirely *invalid*, and contends that Third-Party Defendants are liable to Defendants for copyright violation, reverse passing off and unfair competition, trademark infringement, unfair competition, and unjust enrichment.[8] This shows that Defendants' Third Party Claims are independent—not dependent as required by Rule 14(a)— because the Third-Party Defendants are subject to potential liability for the Third-Party Claims *even if* Plaintiffs' claims against the Defendants are invalid as suggested by the Defendants. *See Duke*, 2014 WL 879674, at *2. In other words, under the facts of the Third-Party Complaint, the Third Party Defendants' could

---

[5] Complaint at §V.

[6] Response at pp. 10–28.

[7] *Id.*

[8] *Id.*

still be liable to the Defendants *even if* the Defendants are **not** liable to the Plaintiffs. Hence, Defendants' Third-Party Claims are undoubtedly separate and independent claims which are not permitted under Rule 14(a). *Id.* The fact that the Third-Party Claims are **not** dependent on the outcome of the Plaintiffs' claims against the Defendants justifies granting this Motion to Dismiss.

16. The Defendants also fail to satisfy Rule 8, given that they do not indicate in their Third-Party Complaint that the Third-Party Defendants are, or may be, liable to them *if* they are liable to the Plaintiffs for all or part of the Plaintiffs' claims against the Defendants. Defendants' failure to comply with the requirements in Rule 8 because they do not specify in thier Third-Party Complaint how the Third-Party Defendants are, or may be, liable to them for all or part of the Plaintiffs' claims against the Defendants. The failure to show that the Defendants are entitled to relief from the Third-Party Defendants in accordance with Rule 14(a) is fatal to overcoming this Motion to Dismiss. *Epoch Group*, 2005 WL 2124126, at *7.

17. As Defendant's Third-Party Complaint fails to satisfy either Rule 14(a) or Rule 8 as a matter of law, they have not established a valid third party claim, from which relief can be granted. The Court should dismiss Defendants' Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a proper third-party action from which relief can be granted.

## V. Conclusion

Given that i) Defendants cannot assert a third-party action against the original Plaintiffs in this litigation,; ii) Defendants have failed to show, or plead, how the Third-Party Defendants' liability is dependent upon the outcome of Plaintiffs' claims against Defendants, Defendants have failed to state a proper Federal Rule of Procedure 14(a) cause of action against the Third-Party Defendants upon which relief can be granted. Defendants also fail to comply with the requirements of Federal Rule of Procedure Rule 8, as their Third-Party Complaint does not state a valid third-party claim from which relief can be granted. Accordingly, this Court should dismiss Defendants' Third-Party

Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a proper third-party claim from which relief can be granted. Alternatively Plaintiffs' request that the Court strike Defendants' Third-Party Complaint in its entirety because it is not a valid third-party action that can be brought under Federal Rules of Civil Procedure Rule 14(a).

Respectfully submitted,

## COATS | ROSE

By: /s/ James A. Collura, Jr.
James A. Collura, Jr.
Texas Bar No. 24044502
Teia Moore Kelly
Texas Bar No. 24074752
9 Greenway Plaza, Suite 1100
Houston, Texas 77046
(713) 651-0111 Telephone
(713) 890-3964 Facsimile
jcollura@coatsrose.com
tkelly@coatsrose.com

**ATTORNEYS FOR PLAINTIFFS CONSTRUCTION COST DATA, LLC, JOB ORDER CONTRACTING GROUP, LLC, AND MANAGED JOC SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 4th day of March, 2016.

/s/ James A. Collura, Jr.
James A. Collura, Jr.