UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTRUCTION COST DATA, LLC, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-0114 |
| | § | |
| THE GORDIAN GROUP, INC., *et al*, | § § | |
| Defendants. | § § § | |

## MEMORANDUM AND ORDER

Now pending before the Court is Plaintiffs' Rule 59 Motion for a New Trial, or, Alternatively, Motion to Modify. (Doc. No. 146.) Plaintiffs argue the following: (1) the jury's verdict was defective under Rule 48, (2) the Court should reconsider its ruling on the consistency of the jury's answers to the special interrogatories, (3) the Court should order a new trial because the jury's answers indicate confusion or failure to follow instructions, (4) the Court should modify the final take-nothing judgment entered on February 6, 2019, because *Noerr-Pennington* immunity does not apply to misrepresentations, and (5) the Court should allow argument on attorneys' fees under 17 U.S.C. §§ 505, 1117(a).

The Court addressed many of these arguments in its February 22, 2019, Memorandum and Order ("Order") explaining its ruling on Plaintiffs' Rule 49 Motion for Continued Jury Deliberations or for a New Trial. (Doc. No. 145.) Now, the Court reaffirms its February 22 Order. The Court finds that the special verdict returned by the jury was unanimous in its response to Question 12, which disposed of the entire case. (Doc. No. 145 at 24-25.) The Court declines to reconsider its ruling on the consistency of the special verdict, which analyzed the jury's responses

1

to each of the interrogatories and addressed Plaintiffs' concerns about juror confusion. (Doc. No. 145 at 20-32.)

The Court declines to modify the final judgment as requested regarding Plaintiffs' business disparagement claim for the reasons described in the Order, namely, that the Fifth Circuit has not indicated that misrepresentations are excepted from *Noerr-Pennington* immunity. (Doc. No. 145 at 5-20.) Plaintiffs are correct that the Court accepted their theory about misrepresentations at the summary judgment stage. (Doc. No. 112 at 15.) However, upon further examination of Fifth Circuit and Supreme Court precedent regarding *Noerr-Pennington* immunity—discussed both during trial and at length in the Order—the Court concluded that the Fifth Circuit has neither adopted a general "fraud exception" to *Noerr-Pennington* immunity, nor expanded the *Walker-Process* patent fraud exception to trademark or copyright claims. (Doc. No. 145 at 5-13.)

Finally, the Court notes that Plaintiffs' complaints about the time they were allotted to review the proposed jury instructions were addressed in the Court's February 22 Order. (Doc. No. 145 at 32-33.)

For the foregoing reasons, the Plaintiffs' Motion for a New Trial is **DENIED.** (Doc. No. 146.) Plaintiffs may file their Motion for Exceptional Case Finding and for Attorneys' Fees and Costs, if any, by July 20, 2019.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 24th of June, 2019.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE